# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2450

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Terrance Green, | * | Eastern District of Missouri. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: October 25, 2007
Filed: November 7, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

A jury found Terrance Green guilty of possessing with intent to distribute more than 5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and the district court[1] sentenced him to 120 months in prison and 8 years of supervised release, the statutory minimum in light of Green's prior felony drug conviction. See 21 U.S.C. § 841(b)(1)(B)(iii). Green appeals, challenging the sufficiency of the evidence in a brief filed under Anders v. California, 386 U.S. 738 (1967). For the reasons that follow, we affirm.

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

Viewed in the light most favorable to the verdict, see United States v. Cuevas-Arrendondo, 469 F.3d 712, 715 (8th Cir. 2006), we conclude that the evidence amply supported Green's conviction. In part, the government presented testimony that cocaine base weighing about 15 grams, more than a personal-use quantity, was found in the pocket of a pair of pants in a closet at Green's residence. A picture of Green wearing those same pants was also found in the residence, along with plastic bags and latex gloves, but no pipes or devices used to smoke or ingest crack cocaine; and Green acknowledged that $5,500 in cash found in the closet with the pants belonged to him. Cf. United States v. Bell, 477 F.3d, 607, 613 (8th Cir. 2007) (evidence sufficient to prove possession with intent to distribute where officers found about 7 grams of crack cocaine, which testimony indicated was greater than personal-use amount, in pants pocket in room in which defendant was found unclothed; where there was no indicia of personal use of crack cocaine, such as pipes; and where defendant admitted crack was his).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no non-frivolous issues for appeal. Accordingly, we affirm the judgment of the district court. We grant counsel leave to withdraw, but direct counsel to provide Green with a copy of the record as appropriate. Green's pending motions are denied.

_____